901 F.2d 1131
 284 U.S.App.D.C. 79
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Deshon S. ROGERS, Appellant.
 No. 89-3131.
 United States Court of Appeals, District of Columbia Circuit.
 April 25, 1990.
 
 Before SILBERMAN, STEPHEN F. WILLIAMS and THOMAS, Circuit Judges
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. While the issues presented occasion no need for an opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 14(c) (August 1, 1987). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the judgment of the District Court appealed from in this cause is hereby affirmed for the reasons set forth in the accompanying memorandum. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2) (August 1, 1987). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 4
 Appellant Deshon Rogers pled guilty[1] to one count of possessing with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. Sec. 2(a). The district court sentenced him to 121 months of incarceration, the minimum term of imprisonment under the Sentencing Guidelines for the applicable range. On appeal, Rogers contends that the district court should have held a hearing to determine whether the Government's refusal to file a motion to reduce appellant's sentence below the mandatory minimum was predicated on an erroneous construction of the statute or other arbitrary factors. Appellant also argues that he was "seized" in violation of the fourth amendment, and therefore the narcotics he was found to be holding must be excluded. We reject both contentions.
 
 
 5
 On October 3, 1988, appellant arrived at the Greyhound-Trailways bus terminal in Washington, D.C. from New York City. Appellant was carrying a blue plastic shopping bag, a black tote bag, and two beepers. As he prepared to leave the bus station, two plainclothes police officers approached appellant, identified themselves, and began to question him. While one officer was speaking to him, the other officer stood approximately five feet behind appellant; all three individuals were standing near a bank of public telephones. One of the officers asked appellant for permission to search his bags. Appellant consented, and the officers discovered a package of cocaine in the black tote bag. The police then placed appellant under arrest. Before the police could advise appellant of his Miranda rights, appellant blurted out, "The Jamaicans made me do it." After the police read appellant his rights, appellant agreed to answer questions and made further incriminating statements. At the subsequent motion hearing, the district court denied appellant's request to suppress the physical evidence. Appellant then conditionally pled guilty, and since the United States Attorney declined to file a motion to reduce appellant's sentence, the district court sentenced him to the mandatory minimum sentence.
 
 
 6
 Appellant first argues that the district court has the authority and the obligation to inquire into the United States Attorney's reasons for not filing a departure motion. Under 18 U.S.C. Sec. 3553(e), "[u]pon the motion of the Government," the district court may impose a sentence below the mandatory minimum to reflect the defendant's substantial assistance to the Government in prosecuting other criminals. Section 5K1.1 of the Sentencing Guidelines--as it read at the time of appellant's sentencing--also authorized the court to depart from the minimum sentence, but only upon the Government's motion confirming that "the defendant has made a good faith effort to provide substantial assistance" in prosecuting others. Although the plain language of the Guidelines and the underlying statute indicates that the district court's authority to depart downward must be predicated on a Government motion, appellant asserts that the court nonetheless has the power to investigate the Government's allegedly arbitrary refusals to file those motions.
 
 
 7
 Unfortunately for appellant, our recent decision in United States v. Ortez, No. 89-3137 (D.C.Cir. April 24, 1990) squarely addresses and disposes of much of that contention. In Ortez, we held that unless the Government files a motion to depart downward because of the defendant's substantial assistance, the unambiguous language of the Guidelines bars the district court from deviating from the minimum sentence. See id. at 4. We further concluded that the plain language of section 5K1.1 "preclude[s] a district court from entertaining a defendant's showing that the government is refusing to recognize substantial assistance." Id. at 5. Ortez, however, did not resolve appellant's claim that the underlying statute also permits a court at least to probe the United States Attorney's rationale for his refusal to file the motion--under some circumstances. We do not decide that question because the appellant here has made no arguable showing that the Government has acted arbitrarily in declining to file the motion. Appellant decided to cooperate with the Government only a week before his sentencing hearing, some seven months after his arrest. Even if he possessed valuable information--which he could not prove--the Government reasonably could conclude that the long delay in supplying that information made it obsolete.[2]
 
 
 8
 We also find no merit in appellant's second argument that he was seized in violation of the Fourth Amendment. Appellant never attempted to leave, and the police officers gave no indication that appellant was not free to leave. The record does not suggest any coercive or intimidating police behavior. A reasonable innocent person in those circumstances would conclude that he was free to walk away from the officers. See, e.g., United States v. Savage, 889 F.2d 1113, 1116 (D.C.Cir.1989).
 
 
 9
 Since we conclude that the district court properly refused to examine the Government's failure to file a departure motion and because we decide that appellant was not seized in violation of the Fourth Amendment, the rulings of the district court are
 
 
 10
 Affirmed.
 
 
 
 [1]
 Appellant reserved his right to appeal the district court's denial of his motion to suppress the physical evidence
 
 
 [2]
 We find no evidence in the record to support appellant's claim that the Government had promised to file the motion